## Case No. 123.

### The ALABAMA.

### The GAMECOCK..

### [11 Blatchf. 482.][1]

Circuit Court, S. D. New York. Feb. 19, 1874.[2]

COLLISION—BETWEEN STEAMERS AND TOW—APPORTIONMENT OF DAMAGES.

A steamer collided with a sailing vessel in tow of a steam-tug. In a suit in rem, brought by the owners of the sailing vessel against both of the other vessels, to recover for the damages sustained by them by the collision, it was *held*, both of such other vessels being found in fault, that each must be held liable for only one-half of such damages, and that the steamer could not be held to make up a deficiency caused by the fact that the value of the steam-tug was less than one-half of such damages.

[See note at end of case.]

[Appeal from the district court of the United States for the southern district of New York.]

In admiralty. In this case, a sailing ship, the Ninfa de los Mares, in tow of a steam-tug, the Gamecock, was collided with by a steamer, the Alabama, and sunk. The owner of the ship libelled both of the other vessels, in rem, in the district court. That court held both of such vessels in fault, and gave a decree to the libellants against each of them, for the full amount of the damages. 1 Ben. 476, [The Alabama, Case No. 122.] The steam-tug had been released, on a bond being given in a sum, representing her value, less than one-half the amount of such damages. An appeal was taken to this court on the part of each of the condemned vessels. [Decree of district court modified. Decree of circuit court, so far as it modified decree of district court, reversed by supreme court. 92 U. S. 695.]

John E. Parsons, for libelant.

Edwards Pierrepont and Edward H. Owen, for the Alabama.

Charles Donohue, for the Gamecock.

WOODRUFF, Circuit Judge, (after affirming the decree on all other points:) In regard to the liability of the Alabama for more than one-half of the damages, this court has already decided that her liability cannot be increased by the circumstance, in which she had no agency, that the Gamecock is not of value sufficient to pay the other half. The City of Hartford and The Unit, [Case No. 2,753.] See, also, The Atlas, [Id. 633, Id. 634.] It is urged, that such a holding involves a liability on the part of the Ninfa herself, which would make her liable for the fault of the tug, in such a sense, that, if the Alabama had sustained the greater damage, the Ninfa must contribute there-

---

[1][Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

[2][Decree of circuit court reversed by supreme court, (92 U. S. 695,) in so far as it modified the decree of the district court, (The Alabama, Case No. 122.)]

to. Not at all; the holding merely imports that her relations to the tug which she had employed were such that she can recover no more than the tug, if injured to the same extent, could recover, or than the tug, if she had paid to the owners of the Ninfa her full value, in discharge of her own plain liability, could in return recover from the Alabama, towards indemnity. As between the Ninfa and the tug, the latter, under her contract for safe towage, or towage with proper care, prudence and skill, was liable for the whole loss. So that, whether this proceeding against the Alabama is prosecuted by the one or the other, ought not to affect the Alabama. It is very true, that, by the rules of the common law, one who is injured by the concurring fault of two or more may, it is held, recover full indemnity from either or all. But the admiralty does not inevitably follow the common law rules. Where, as between two, each is in fault, at law, neither can recover, but, in admiralty, each contributes. On the one hand, it is not inequitable to say, that the contribution of one ought not to be increased by circumstances which she had no agency in producing; and, on the other, it is not inequitable to say that the tow, as in this case, voluntarily subjected herself to the hazards of the misconduct of the tug, and, therefore, to the contingency that such misconduct might, in case of loss, give her no claim beyond contribution from another vessel. Had the tug discharged her own liability to the Ninfa upon her contract, as she ought, the tug could recover no more. The Ninfa should not be permitted to charge the Alabama more, because the Ninfa may have trusted irresponsible parties.

I am aware that the question is one of great interest and importance. There are, I think, some cases in the supreme court in which it must necessarily be soon considered; and we shall then be instructed whether to follow the views of Dr. Lushington in the case of The Milan, 1 Lush. [Adm.] 388, 404, and applied in the cases before cited, or to act upon a different rule in the admiralty courts of this country. For the present, I must say that the opinion in the case of The City of Hartford and The Unit, [supra,] must be taken as the opinion in this case, upon the point now under consideration.

The decree, therefore, will award to the libellants a recovery from each vessel, of one-half of the damages caused by the collision, as found in the district court, with costs in the court below, but without costs, on the appeal to this court, to either party.

[NOTE. In reversing the decree of the circuit court, Mr. Justice Bradley said that a decree should be made against the Alabama and the Gamecock, "each for one moiety of the entire damage, interest and costs, so far as the stipulated value of said vessel shall extend; and any balance of such moiety over and above such stipulated value of either vessel, or which the libelant shall be unable to collect or enforce, shall be paid by the other vessel * * * to the extent of the stipulated value thereof, beyond the moiety due from said vessel." The Alabama and The Gamecock, 92 U. S. 695. See The Civilta, 103 U. S. 703; The North Star, 1 Sup. Ct. Rep. 41, 106 U. S. 17; The Sterling and The Equator, 1 Sup. Ct. Rep. 89, 106 U. S. 647; The Hudson, 15 Fed. Rep. 162; The Franconia, 16 Fed. Rep. 149; The Max Morris, 24 Fed. Rep. 860.]